Dettrey *v.* Hazle Brook Coal Co., Appellant.

Argued March 14, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and JAMES, JJ.

*P. B. Roads,* for appellant.

*Roger J. Dever,* for appellee.

PER CURIAM, July 13, 1934:

This is a compensation case. On May 1, 1931 a petition was presented for a modification of the agreement and for the termination of the compensation in which it was alleged that the claimant was not presently disabled from any injury received while in the employ of the petitioner; that his present condition is due to an ancient appendectomy.

The claimant was operated on for appendicitis in 1922. In October of 1929 he underwent an operation for a ventral hernia being an injury occurring during the course of his employment. Subsequently he was again put under the knife on January 9, 1931 for the purpose of breaking up adhesions. Dr. Bryson, who was present at the 1931 operation, testified that these adhesions were a result of the *appendicitis* operation. Dr. Patrick, who was also present at the operation, testified that the third operation was performed for the purpose of breaking up the *hernia* adhesions. Dr. Barr, who performed the last operation, did not testify. Dr. Patrick gave a very detailed account of the operation and the referee evidently adopted his version and found that the adhesions were sequelae of the hernia operation. The judgment of the referee affirmed by the board settles this phase of the case. Our court will not reverse the findings of fact when they are supported by competent testimony. There are numerous cases to this effect.

The other question before us is whether the man is totally disabled. It was argued that because he could

walk and use his arms, he could do light work, but we have the positive testimony of Dr. Patrick that "[He] can't do a thing in the condition in which he is now."

The order of the lower court affirming the order of the compensation board is affirmed. Appellant to pay the costs.